JUSTICE REGNIER
dissenting and concurring.
¶41 I agree that the District Court did not err when it denied Schuffs’ motion for judgment as a matter of law. I also agree the District Court correctly denied Schuffs’ motion for a new trial based on their contention that Jackson impermissibly interjected the defenses of “unavoidable accident” and “assumption of risk.” As the majority notes, the testimony was admitted without objection. However, on the record presented to us, in my view it was error for the District Court not to give curative instructions regarding the defenses of “unavoidable accident” and “assumption of risk.” (Numbers 21 and 24.)
¶42 Jackson did not disclose in either his pleadings or the pretrial order that he was going to rely on the defenses of “unavoidable accident” and “assumption of risk.” Yet Jackson’s three witnesses, Mooney, Knudson and Houck, essentially testified that the accident was unavoidable. Further, Houck testified at length about the inherent risks associated with boating on the Missouri River and stated that passengers assume the risk of an accident when boating in an area of the rock formation in question. When Schuffs realized the import of this testimony, they filed a motion to strike the testimony in question. Although I do not believe the trial judge committed error by failing to grant a new trial based upon Jackson’s interjection of these defenses, I believe the trial court was obligated to instruct the jury, as requested, on the impact of the “unavoidable accident” and “assumption of risk” testimony.
¶43 We have rejected the “unavoidable accident” defense in Montana. Craig, ¶ 31. Similarly, we no longer recognize “assumption of risk” as a stand alone defense. Abernathy v. Eline Oil Field Services, Inc. (1982), 200 Mont. 205, 211, 650 P.2d 772,775-76. Although Schuffs did not object at the time the testimony came in, they did later move to strike the testimony and ultimately requested the judge to provide curative instructions. With this record, in my view, the District Court further erred in denying their motion for a new trial for failing to give instructions Numbers 21 and 24.